# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**CHASE CARMEN HUNTER,**

      **Plaintiff,**

**v.**                                                    **Case No:   5:14-cv-410-Oc-22PRL**

**MITCHEL KALMANSON and LESTER KALMANSON AGENCY, INC.,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Chase Carmen Hunter's ("Plaintiff") Motion for Temporary Restraining Order ("TRO Motion") (Doc. No. 2). For the following reasons, the Motion will be denied.

In her Verified Complaint (Doc. No. 1), Plaintiff alleges various claims of common law fraud, bankruptcy fraud, abuse of process, conspiracy, tortious interference, and intentional infliction of emotional distress. In addition, Plaintiff attempts to plead a number of claims under the federal criminal statutes that pertain to blackmail, extortion, kidnapping, RICO, mail and wire fraud, insurance fraud, and illegal restraint of trade under the Sherman Act. The purported factual basis for these allegations is a Florida state court judgment in the amount of nearly $10 million and a related Virginia state court judgment lien. (TRO Motion ¶¶ 15-16.) Plaintiff states in material part that the original Florida judgment is now void, (*id.* ¶ 25), yet the judgment creditors in that case (who are also Defendants in this case) were nonetheless able to cause Plaintiff to be "kidnapped" in the form of an arrest pursuant to a criminal contempt order entered in Virginia state court, (*id.* ¶¶ 22, 34.) Plaintiff now seeks a temporary restraining order enjoining any further arrests

pursuant to the Virginia criminal contempt order or another criminal contempt order entered by the original Florida state court, and also enjoining the Defendants from collecting the original Florida judgment.

Before the Court will enter a temporary restraining order or preliminary injunction, Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam).

In this case, Plaintiff fails to show a substantial likelihood of success on the merits. Neither the Complaint nor the instant Motion provides any basis, other than Plaintiff's paraphrasing of Defendant Mitchel Kalmanson's purported testimony in an unidentified "administrative hearing," to believe that the Florida judgment is void. (*See* TRO Motion ¶¶ 23-25.) That multiple state courts have found Plaintiff in contempt of court in connection with this judgment weighs heavily against any finding that she is likely to succeed on the merits. Moreover, Plaintiff cannot succeed on many of her claims because they are based on federal criminal statutes. *See, e.g., Thibeaux v. U.S. Att'y Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008) (per curiam) (holding that *pro se* plaintiff's claims brought under Title 18 should be dismissed because the cited sections did not provide for any civil causes of action or civil remedies).

Plaintiff's Motion is also procedurally deficient. Although it is supported by a verified Complaint, Plaintiff failed to submit a proposed form of temporary restraining order or preliminary injunction as required by Local Rules 4.05(b)(3)(iii) and 4.06(b)(1).

Based on the foregoing, it is ordered as follows:

- 3 -

1.  Plaintiff Chase Carmen Hunter's Motion for Temporary Restraining Order (Doc. No. 2), filed July 21, 2014, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 22, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties