# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CHASE CARMEN HUNTER,**

     **Plaintiff,**

**v.**                                                    **Case No: 5:14-cv-410-Oc-22PRL**

**MITCHEL KALMANSON and LESTER
KALMANSON AGENCY, INC.**

     **Defendants.**

_____

## ORDER

     This case comes before the Court for consideration of *pro se* Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5) and Motion to Appoint Counsel (Doc. 3).

     Plaintiff, Chase Carmen Hunter, has filed a *pro se* Complaint against Mitchel Kalmanson, Individually and as President of Lester Kalmanson Agency, Inc, Lester Kalmanson Agency Inc., and KAL Adjusting.   (Doc. 1).   Plaintiff's Complaint purports to assert a litany of thirty-six (36) separate claims against Defendants, including intentional attempted mail fraud under 18 U.S.C. § 1341; intentional attempted wire fraud and wire fraud under 18 U.S.C. § 1343; multiple violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; claims under 15 U.S.C. §1 and § 2, violations of Plaintiff's Fourth and Fourteenth Amendment rights, and numerous others, including claims for civil and criminal conspiracies under federal and Virginia state law.

     A review of the Complaint reveals that Plaintiff's claims arise out of an insurance business rivalry between Plaintiff and Defendants, and in connection with a lawsuit against Plaintiff that was filed by Defendants in state court in Orange County, Florida.   (Doc. 1, ¶¶ 13, 49).   Plaintiff

alleges that the suit resulted in a fraudulently obtained judgment against her in the amount of nearly $10 million.   Plaintiff alleges that Defendants "resorted to, among other things, kidnapping [Plaintiff], conspiring to kidnap [Plaintiff], fraud, conniving, trickery, and abuse of judicial processes" in order to block her attempts to have the judgment set aside.   (Doc. 1, ¶ 19).   Plaintiff alleges that Defendants deployed "extrinsic fraud tactics" to block her from knowledge of administrative hearings against her.   Plaintiff also alleges that Defendants took advantage of the drop box maintained by the Orange County Florida Circuit Clerk to file and obtain fraudulent court documents to use against Plaintiff.   (Doc. 1, ¶ 49).   Plaintiff contends that Defendants have injured her reputation, her business, and her psychological well-being.   (Doc. 1, ¶ 60).

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed.   Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.   Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.   *Tigner v. Internal Revenue Service*, No.1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).   Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."

As a preliminary matter, Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.   Despite her lengthy introductory factual allegations about Defendants' alleged wrongdoings, and despite alleging thirty-six (36) separate claims for relief, Plaintiff does not explain what specific acts or omissions gave rise to each of the numerous claims for relief. Rather, Plaintiff's claims amount to mere recitations that she is the "victim" of Defendants'

"willful actions" to violate the various laws upon which she purports to rely.   (*See, e.g.,* Doc. 1, ¶¶ 160, 164, 168).

Second, as the Court observed in its Order denying the Motion for Temporary Restraining Order (Doc. 6), the majority of Plaintiff's claims must necessarily fail because they are based on federal criminal statutes.   *See, e.g., Thibeaux v. U.S. Atty Gen.*, 275 F.App'x 889, 893 (11th Cir. 2008) (per curiam) (holding that *pro se* plaintiff's claims brought under Title 18 should be dismissed because the cited sections did not provide for any civil causes of action or civil remedies).   It appears that at least twenty-two (22) of Plaintiff's claims are brought pursuant to a statute within Title 18, and therefore fail to state a cause of action.

Next, Plaintiff purports to assert civil rights claims for violations under the Fourth and Fourteenth Amendments to the United States Constitution, presumably under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'"   *Gomez v. Toledo*, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983).   Plaintiff must clearly allege the basis of her §1983 claims against Defendants, which she has failed to do.

While the Court is doubtful Plaintiff will be able to allege a viable federal claim, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint.   In amending her complaint, Plaintiff should carefully review the foregoing to determine whether she can present allegations sufficient to state a cause of action under the relevant law.   If Plaintiff is able to file an amended complaint, the amended complaint must contain all of Plaintiff's (amended) allegations and should not in any way refer to the original complaint.   The amended complaint will completely replace the original complaint, which

thereafter will be disregarded.   Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for herself.   Plaintiff need not file service copies until instructed to do so by the Court.

Plaintiff has also filed a Motion to Appoint Counsel (Doc. 3), and requests that the Court appoint counsel on her behalf.   Plaintiff argues that she is a victim of crimes, and has a "constitutional right, legal right, and human right to protection by the courts."   She contends that she "simply has no time in any given day to dedicate to adequately take on the task of adequate self-representation in this Court."   (Doc. 3).

Unlike criminal defendants, a civil litigant has no absolute constitutional right to the appointment of counsel.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).   Instead, the appointment of counsel for a civil litigant is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.   *Id*.

Although there is no precise definition of what constitutes exceptional circumstances, courts have considered various factors including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting evidence and in cross examination.   *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).   The key to whether counsel should be appointed is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.   *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).   "Where the facts and issues are simple, he or she usually will not need such help."   *Id*.   Determining whether exceptional circumstances exist is committed to the discretion of the district court.   *Steele v. Shah*, 87 F.3d 1266, 1270 (11th Cir.1996).

- 4 -

Here, Plaintiff offers no argument as to why she is unable to handle the factual and legal requirements of her case, and a review of the Complaint discloses that the issues involved in Plaintiff's claims are neither particularly complex nor novel, as they primarily relate to Plaintiff's challenge to the validity of a state court judgment and Defendants' alleged abuses of the court system.   The Court concludes that this case does not involve any exceptional circumstances sufficient for this Court to exercise its discretion and appoint counsel.

Accordingly, Plaintiff's Motion (Doc. 3) to appoint counsel is due to be **DENIED**. Resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

Accordingly, it is hereby **ORDERED**:

1.      The Motion to Proceed In Forma Pauperis (Doc. 5) is **TAKEN UNDER ADVISEMENT**.

2.      Plaintiff shall have until **August 25, 2014** within which to file an amended complaint.   The amended complaint shall comply with all of the pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in Local Rules 1.05 and 1.06, United States District Court, Middle District of Florida.[1]

---

[1]Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court.   Also, as stated, resources and information related to proceeding in court without a lawyer can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

3.      Failure to file an amended complaint as discussed in this Order will result in a recommendation that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and that Plaintiff's complaint be dismissed.

4.      In lieu of filing an amended complaint, Plaintiff may opt to pay the appropriate filing fee.

5.      And, Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on August 5, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties