UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHASE CARMEN HUNTER,**

    **Plaintiff,**

**v.**                                                                    **Case No: 5:14-cv-410-Oc-22PRL**

**MITCHEL KALMANSON and LESTER KALMANSON AGENCY, INC.**

    **Defendants.**

___

**REPORT AND RECOMMENDATION**[1]

This case is before the Court for consideration of Plaintiff's Motion for leave to proceed *in forma pauperis* (Doc. 5), and Plaintiff's Motion to proceed *in forma pauperis* on appeal (Doc. 12). On referral, I recommend that both motions to proceed *in forma pauperis* be denied on the basis that this case is frivolous and the appeal is not taken in good faith.

    **I.**    **BACKGROUND**

On July 21, 2014, Plaintiff, Chase Carmen Hunter, filed a *pro se* Complaint against Mitchel Kalmanson, Individually and as President of Lester Kalmanson Agency, Inc, Lester Kalmanson Agency Inc., and KAL Adjusting. (Doc. 1). Plaintiff's original Complaint asserted a litany of 36 separate claims against Defendants, including intentional attempted mail fraud under 18 U.S.C. § 1341; intentional attempted wire fraud and wire fraud under 18 U.S.C. § 1343; multiple violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961,

___

[1] **Error! Main Document Only.** Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

*et seq.*; claims under 15 U.S.C. §1 and § 2, violations of Plaintiff's Fourth and Fourteenth Amendment rights, and numerous others, including claims for civil and criminal conspiracies under federal and Virginia state law. Plaintiff's claims apparently arise out of an insurance business rivalry between Plaintiff and Defendants, and in connection with a lawsuit against Plaintiff that was filed by Defendants in state court in Orange County, Florida. (Doc. 1, ¶¶ 13, 49).

By Order entered August 5, 2014 (Doc. 8), on consideration of Plaintiff's motion to proceed *in forma pauperis*, the Court found it was doubtful Plaintiff would be able to allege a viable claim, but provided Plaintiff with an opportunity to file an amended complaint. Plaintiff was cautioned that she should carefully consider whether she could present allegations sufficient to state a cause of action under the relevant law.

Meanwhile, Plaintiff has filed numerous notices of appeal (Docs. 9, 21, 22, 23, & 24) challenging each of the Court's orders, including a notice purporting to appeal to the "United States Court of Appeals for the Wyoming District" (Doc. 9), motions to disqualify the judges assigned to this case (Docs. 13 & 14), a First Amended Complaint (Doc. 19), and a Second Amended Complaint (Doc. 20), thereby supplanting the prior complaints.

## II.    LEGAL STANDARDS

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted. Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district

courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief. *Tigner v. Internal Revenue Service*, No.1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed. 2d 1081 (2007). Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555. A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984)(internal citations omitted).

Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the

Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. §1331 and §1332.

## III. DISCUSSION

Plaintiff's Second Amended Complaint (Doc. 20) consists of 47 pages of rambling narrative, including 39 separate purported causes of action, and 220 pages of attachments. Similar to the original complaint (Doc. 1), Plaintiff alleges that Defendant Kalmanson schemed to defraud Plaintiff and insurance companies of millions of dollars, and "to cause harm to Plaintiff's business, to cause harm to [Plaintiff's] body, to deprive [Plaintiff] of her liberty, property, and happiness, and more." (Doc. 20, ¶ 3).

Plaintiff alleges that Defendant filed a fraudulent complaint against her in Circuit Court in Orange County, Florida, and obtained fraudulent court documents to use against Plaintiff. Plaintiff challenges the validity of the state court proceedings and suggests that Defendant took advantage of the state court's anonymous drop-box filing system to obtain fraudulent documents to use against her. (Doc. 20, ¶ 12). As in the original complaint, Plaintiff's Second Amended Complaint (Doc. 20) alleges Defendant Kalmanson committed various crimes and wrongdoings, such as money laundering, willful tax evasion, fraud upon the court, kidnapping, and activities in violation of RICO.

Plaintiff's Second Amended Complaint is similar, if not nearly identical, to her original complaint. She now alleges 39 separate claims against Defendants, including intentional and attempted mail fraud under 18 U.S.C. § 1341; intentional attempted wire fraud and wire fraud under 18 U.S.C. § 1343; multiple violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq*.; claims under 15 U.S.C. §1 and § 2, violations of

Plaintiff's Fourth and Fourteenth Amendment rights, and numerous others, including claims for civil and criminal conspiracies under federal and Virginia state law, and tortious interference.

Although Plaintiff's Second Amended Complaint includes a rambling narrative regarding Defendant Kalmanson's alleged wrongdoings, including that he "personally masterminded, executed, and managed the Scheme," (Doc. 20, ¶ 27), she fails to state what specific conduct or facts support each of her 39 separate causes of action. Rather, Plaintiff's claims amount to mere recitations that she is the "victim" of Defendants' "willful actions" and their "criminal conspiracy" to violate the various laws upon which she purports to rely. (*See, e.g.,* Doc. 20, ¶¶ 160, 164, 168, 172, 176, 180). Notably, Plaintiff does not specify what actions on Defendants' part constitute the elements of the alleged claims, nor does she provide any basis other than conclusory speculations alleging that Defendant Kalmanson unlawfully manipulated the state court system to obtain fraudulent court documents to use against her.

As the Court previously observed in its Order denying the Motion for Temporary Restraining Order (Doc. 6), the majority of Plaintiff's claims must necessarily fail because they are based on federal criminal statutes. *See, e.g., Thibeaux v. U.S. Atty Gen.*, 275 F.App'x 889, 893 (11th Cir. 2008) (per curiam) (holding that *pro se* plaintiff's claims brought under Title 18 should be dismissed because the cited sections did not provide for any civil causes of action or civil remedies). It appears that at least twenty-two (22) of Plaintiff's claims are brought pursuant to a statute within Title 18, and therefore fail to state a cause of action.

Next, Plaintiff purports to assert civil rights claims for violations under the Fourth and Fourteenth Amendments to the United States Constitution, presumably under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance,

regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983). Plaintiff must clearly allege the basis of her §1983 claims against Defendants, which she has failed to do.

The Court has already afforded Plaintiff an opportunity, out of an abundance of caution, to file an amended complaint. In her Second Amended Complaint (Doc. 20), however, Plaintiff has failed to correct the deficiencies of her original Complaint. Indeed, Plaintiff has failed to allege the essential elements of the claims for relief, which she must do. *Tigner v. Internal Revenue Service*, No.1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000). Plaintiff has essentially done nothing more than present conclusory accusations that the Defendants unlawfully harmed her and others via a convoluted and implausible conspiracy involving numerous crimes ranging from kidnapping to tax evasion. As such, Plaintiff's Second Amended Complaint is insufficient. *See Twombly*, 550 U.S. 544, 555. Moreover, a review of Plaintiff's original Complaint (Doc. 1), First Amended Complaint (Doc. 19), and Second Amended Complaint (Doc. 20) reveals that allowing further amendments would be futile.

As to Plaintiff's motion to proceed on appeal *in forma pauperis* (Doc. 12), Rule 24 of the Federal Rules of Appellate Procedure provides that a party wishing to appeal *in forma pauperis* must file a motion with the district court. This requirement does not apply, however, to a party who was permitted to proceed *in forma pauperis* in the district court. Fed. R.App. P. 24(a)(1) & (3). Such a party may proceed *in forma pauperis* on appeal without further authorization unless either the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to appeal *in forma pauperis*, or a statute prevents the party from appealing in forma pauperis. Fed. R.App. P. 24(a)(3). Here, Plaintiff is not entitled to appeal *in forma pauperis* because her appeal is not taken in good faith.

## IV. RECOMMENDATION

For the reasons explained above, it is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) and motion for leave to appeal *in forma pauperis* (Doc. 12) be denied, and the Second Amended Complaint (Doc. 20) be dismissed.

Recommended in Ocala, Florida on September 12, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy