# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**CHASE CARMEN HUNTER,**

>             **Plaintiff,**

**v.**                                                   **Case No:   5:14-cv-410-Oc-22PRL**

**MITCHEL KALMANSON and LESTER
KALMANSON AGENCY, INC.,**

>              **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Chase Carmen Hunter's ("Plaintiff") Objections (Doc. No. 29) to the Magistrate Judge's Report and Recommendations ("R&R") (Doc. No. 28) that Plaintiff's Motions for leave to proceed *in forma pauperis* (Doc. No. 5) and for leave to appeal *in forma pauperis* (Doc. No. 12) be denied, and for the Second Amended Complaint (Doc. No. 20) to be dismissed. Additionally, the Court considers Plaintiff's Verified Motion to Set Aside (Doc. No. 15) the Magistrate Judge's initial Order on the Motion for leave to proceed *in forma pauperis* (Doc. No. 8). Because none of Plaintiff's objections are meritorious, the Court will overrule them, adopt and confirm the R&R, and dismiss this case.

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983).

Plaintiff filed the original complaint in this suit on July 21, 2014, along with Motions to proceed *in forma pauperis*, to appoint counsel, to file electronically, and for a temporary restraining order. (Doc. Nos. 1-5.) Upon the undersigned's referral, the Magistrate Judge denied the motion to appoint counsel and took under advisement the motion for leave to proceed *in forma pauperis*, giving Plaintiff twenty days to file an amended complaint. (Doc. No. 8.) Plaintiff ultimately did so (Doc. No. 19), but not before she filed the instant Motion for leave to appeal *in forma pauperis* (Doc. No. 12), motions to disqualify the undersigned and the Magistrate Judge (Doc. Nos. 13-14), and the Motion to Set Aside the Magistrate Judge's Order taking under advisement Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 15). Because Plaintiff eventually filed two amended complaints, her objection to the Magistrate Judge's Order taking under advisement her original *in forma pauperis* Motion is moot. After considering the Second Amended Complaint, the Magistrate Judge recommended dismissing this action pursuant to 28 U.S.C. § 1915(e)(2), which provides that "the court shall dismiss the case at any time" if it determines that the action "fails to state a claim on which relief may be granted." The Magistrate Judge described the Second Amended Complaint as "47 pages of rambling narrative" that did not plead a viable claim to relief. After a thorough *de novo* review, the undersigned agrees with this description.

Plaintiff offers eight objections to the Magistrate Judge's recommendation. First, she claims that the Magistrate Judge had no authority to enter the R&R. Not so: 28 U.S.C. § 636(b)(1)(B) plainly states that at the direction of a district judge, a magistrate judge may "submit . . . proposed findings of fact and recommendations for the disposition" of certain dispositive pretrial matters, including dismissal for failure to state a claim. This Court referred both of Plaintiff's *in forma pauperis* Motions to the Magistrate Judge for reports and recommendations. (*See* Doc. Nos. 5, 12.)

Plaintiff's second and third objections suggest that the R&R was wrong to recommend dismissal of the Second Amended Complaint because many of her claims are based on federal criminal statutes, and nearly all of those statutes do not provide a private cause of action to civil litigants. Although Plaintiff has identified one criminal statute—pertaining to Racketeer Influenced and Corrupt Organizations—that also provides a civil cause of action, *see* 18 U.S.C. § 1964(c), the vast majority of her claims brought pursuant to Title 18 do not. In any event, the Magistrate Judge recommended dismissal of all of Plaintiff's claims primarily because she has "done nothing more than present conclusory accusations that the Defendants unlawfully harmed her and others via a convoluted and implausible conspiracy involving numerous crimes ranging from kidnapping to tax evasion." (R&R at 6.)

Plaintiff's remaining objections are of no merit and warrant only fleeting discussion. Despite her fourth objection, the undersigned has never granted, actually or by implication, any leave for Plaintiff to proceed *in forma pauperis*. With respect to her fifth and sixth objections, there is absolutely no basis to find that the Magistrate Judge is "practic[ing] tyranny," or is otherwise biased against Plaintiff in any way. The seventh objection, which states generally that the R&R "is grossly erroneous and not based in the facts," but does not offer any examples, can be disregarded.

Finally, in the eighth objection, Plaintiff complains about the Magistrate Judge's describing her allegations as a "narrative," and labeling her notices of appeal (to the "United States Court of Appeals for the Wyoming District") as frivolous. Even if Plaintiff were correct, which she is not, the complaints in this objection do not present any basis to overrule the Magistrate Judge.

Despite three opportunities, Plaintiff has not pled a plausible claim to relief. She has also failed to show that an appeal *in forma pauperis* would be taken in good faith in accordance with Federal Rule of Appellate Procedure 24(a).

Based on the foregoing, it is ordered as follows:

1.      Plaintiff Chase Carmen Hunter's ("Plaintiff") Objections (Doc. No. 29) to the Magistrate Judge's Report and Recommendations are **OVERRULED**. The Magistrate Judge's Report and Recommendations (Doc. No. 28) are **ADOPTED and CONFIRMED** and made a part of this Order.

2.      Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. No. 5) and Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. No. 12) are **DENIED**. Plaintiff's appeal is frivolous and not taken in good faith

3.      Plaintiff's Verified Motion to Set Aside the Magistrate Judge's initial Order on the Motion for leave to proceed *in forma pauperis* (Doc. No. 15) is **DENIED as moot**.

4.      Plaintiff's Second Amended Complaint (Doc. No. 20) is **DISMISSED without prejudice**.

5.      The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case pending the outcome of Plaintiff's appeals.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 14, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Eleventh Circuit Clerk of Court, Gerald B. Frost